HARDIN CASEY v. ELIAS BARCROFT.

1. Petition and summons may be maintained on any instrument for the direct payment of money or property, even though the same instrument should contain some immaterial collateral obligations.

2. Bond was given to the commissioner of school lands and his successors in office, pursuant to the provisions of the act of 17th Jan. 1831. After the repeal of this act by the law of 1835, and the transfer of the duties of the commissioner to the county court, it was held, that suit could not be instituted on such bond in the name of the commissioner, whose office had expired, and who was not legally entitled to receive the money for which the bond was given.

*Leonard*, for plaintiff in error:

First point. The only instruments upon which a petition in debt can be maintained are such as are exclusively for the payment of money or property, and this obligation being not only for the payment of moneys, but also for the doing of a collateral thing, will not support a petition in debt.

Second point. The legal right to the money specified in the obligation, was not in the plaintiff below at the time of the commencement of the suit.

1. The act of the 17th of January, 1831, erected the commissioners of school lands into corporations, or what are called in the books, quasi corporations—session acts of 1830 and 1831; 1 Chit. Blac. 391; 2 Kent's Com. 279, and 273, note (a.) Inhabitants of 4th school district v. Wood, 13 Mass. R. 196; 2 Kent's Com. 276, Denton v. Jackson; 2 John. C. R. 325; 1 Thomas' Coke, 213; Todd v. Berdall, 1 Cowen, 260; Grant v. Fancher, 5 Cowen, 309; North Hempstead v. Hempstead, 2 Wendell's R. 109; Overseers of N. W. v. Overseers of S. W. 3 Searg. and Rawle, 117; Ang. and Ames on Corporations, 16. Instances under our statutes of bonds taken by officers in their official capacity, and which go in succession—Administrators' Bonds, Geyer's Digest, 42; Circuit Court Clerks' Bonds, Geyer's Digest, 122; Supreme Court Clerks' Bonds, Geyer's Digest, 123; Recorder's Bonds, Geyer's Digest, 331; Sheriffs' Bonds, Geyer's Digest, 372.

2. The legal right to this bond was in Barcroft, in his capacity of commissioner, and not in him in his individual capacity; and therefore upon his ceasing to be commissioner, he ceased to have any legal right in the bond—1 Chit. Blac. 391; 2 Kent's Com. 273, note (d); 1 Thomas' Coke, 224, 222, 223.

3. The petition upon its face, by describing the plaintiff to be "late commissioner," &c., shows that he was not

the commissioner at the time of the commencement of the suit, and therefore, that he had no right to sue.

4. The office of commissioner of school lands was abolished in 1835, by a public statute—Revised Laws of 1835, title "Revised Statutes," sec. 33; and the county succeeding, by the appointment of the law, to all the rights of school commissioner, was the proper person to sue thereon for a breach of the contract—Rev. Laws of 1835, title "Schools and School Lands," sec. 3, 9, 13; title "Practice at Law," art. 5, sec. 10.

*McCulloch*, for defendant in error:

The only question involved in this case is, was the court below right in overruling the demurrer? The defendant in error holds the affirmative of this, in these points:

1. This is an instrument of writing upon which petition in debt may be brought and maintained—see Johnson v. White, 2 vol. Mo. Rep, 223; 2 vol. Pirtle's Dig. pp. 167, 170; and Dig. of the statutes of Kentucky, by Morehead and Brown, 2 vol. pp. 1319, 1322, and the authorities there cited.

2. This action was properly brought in the name of Elias Barcroft, he having no successor in office—see Oliver v. Crawford et al. 1 Mo. R. p. 263; Laws of Mo., sessions 1830-1 and 1832-3, title "School Lands."

3. No formal objection can be taken to the petition, because the demurrer, though special, is too vague in setting out the specific causes—see Rev. Laws of 1835, pp. 458-9, sections 14 and 15; 1 vol. Chitty's Plea. p. 700; and Stephen on Plead. p. 171.

EDWARDS, Judge, delivered the opinion of the court.

Elias Barcroft, late commissioner of school lands, in the county of Cole, sued Hardin Casey, by petition in debt, on a bond in the following words: "One year after the present date, we or either of us promise to pay to Elias Barcroft, commissioner of school lands for the county of Cole, or his successor in office, the just and full sum of eight hundred and thirty-nine dollars, (839) sixteen and three fourth cents, with ten per centum per annum interest thereon, from the present date, to, and for the use and benefit of the inhabitants of Congressional township 44, north of the base line of range 11, west of the fifth principal meridian; and we further bind ourselves to give to the said commissioner, or to his suc-

9

Casey v. Barcroft.

cessor in office, any additional or further security he may hereafter require. In witness whereof, we have hereunto set our hands and seals, at the city of Jefferson, in the county of Cole, and State of Missouri, this 23d day of September, in the year 1833. William Martin, [L. s.] Hardin Casey, [L. s.] Attest, B. M. Lisle."

This suit was instituted on the 15th day of February, 1838. Casey demurred, and assigned as special causes of demurrer, 1. That the instrument sued on was not such an instrument as could be sued upon by petition in debt; and 2. That by the petition, it appears that the plaintiff is not the person in whose name the suit ought to be instituted. The plaintiff below joined in demurrer, and thereupon judgment was given for the plaintiff below for the amount of the bond and interest. Casey now prosecutes his writ of error to reverse this judgment.

The only question in the case is, did the court below err in overruling the demurrer?

*Petition and summons may be maintained on any instrument for the direct payment of money or property, even though the same instrument should contain some immaterial collateral obligations.*

The first cause of demurrer assigned is, that the instrument sued on was not such an instrument as could be sued upon by petition in debt. The statute provides, that "any person being the legal owner of any bond or note, for the direct payment of money or property, may sue thereon by petition in debt"—sec. 1, p. 449, Rev. Laws, 1835. The counsel for the plaintiff in error insists, that the only instruments upon which petition in debt can be maintained are such as are exclusively for the payment of money or property; and that this obligation, being not only for the payment of money, but also for the doing of a collateral thing, will not support a petition in debt. If the statute provided that this action should be maintained only when the instrument was exclusively for the payment of money or property, then the position of the counsel might be correct; but such is not the case. The language of the statute is, that "any bond or note, for the direct payment of money or property, will support the action." Was this bond for the direct payment of money? Clearly it was. The collateral matter was merely an authority to the commissioner to require additional security to the bond, and had nothing to do in the payment of the money. This bond, then, was sufficient to maintain the action by petition in debt.

*Bond was given to the commissioner of school lands and his suc-*

The second cause of demurrer assigned is, that by the petition, it appears that the plaintiff is not the person in whose name the suit ought to have been instituted. The

counsel for the plaintiff in error insists, that the legal right to the money specified in the obligation, was not in the plaintiff below at the time of the commencement of this suit, and cites various authorities, not now in possession of the court, in support of this position. There is no doubt, however, about the law. In his individual capacity, Barcroft never had any legal right to the instrument sued on. He had the legal right in his capacity as commissioner of school lands only, and when he ceased to be commissioner, his legal right to the instrument sued on ceased also. Barcroft was not commissioner at the commencement of this suit. The law creating the office of commissioner had been repealed by the act of 1835, and the county court had been made the successor of the commissioner in regard to most of his rights and duties. The legal interest in the bond sued on was then not in Barcroft at the commencement of this suit, and consequently he had no right to sue. The court therefore erred in overruling the demurrer; and for that cause, the judgment of the circuit court should be reversed; and the other Judges concurring, it is reversed.

*MAY TERM, 1838.*

cessors in office, pursuant to the provisions of the act of 17th. Jan. 1831. After the repeal of this act by the law of 1835, and the transfer of the duties of the commissioner to the county court, it was held, that suit could not be instituted on such bond in the name of the commissioner, whose office had expired, and who was not legally entitled to receive the money for which the bond was given.